IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
(BEAUMONT DIVISION)

| | | |
|---|---|---|
| WILLIAM S. PICKERING, and <br> CHARLES R. MOORE, <br> *Plaintiffs,* <br><br> vs. <br><br> UNION PACIFIC RAILROAD <br> COMPANY, <br> *Defendant.* | § § § § § § § § § § § | CIVIL ACTION No. 1:11-cv-00718-RC <br><br> JURY DEMAND |

**DEFENDANT UNION PACIFIC RAILROAD COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

COMES NOW Defendant Union Pacific Railroad Company ("Defendant" or "Union Pacific") and for its Objections and Responses to Plaintiffs William S. Pickering and Charles R. Moore's (collectively "Plaintiffs") First Request for Production, states as follows:

**PRELIMINARY STATEMENT**

Union Pacific is a large organization employing thousands of individuals at numerous locations in several States. It has several predecessors-in-interest through various corporate acquisitions and mergers. Union Pacific objects to all the requests for production on the ground that they are vague, ambiguous, overly broad and unduly burdensome in that they request documents on behalf of or as to all of Union Pacific's predecessors, facilities or employees and would be impossible to respond to as to all entities as written. Union Pacific also objects to all the requests for production on the ground that they are overly broad, unduly burdensome, oppressive, and designed to harass Union Pacific and to subject Union Pacific to undue expense, in that such requests for production seek documents not relevant or material to any pending litigation in this Court.

Union Pacific has made a reasonable effort to respond to the requests for production as Union Pacific understands and interprets the same. In the event a different interpretation is asserted by the propounding party, Union Pacific reserves the right to supplement the objections and responses contained herein.

Union Pacific has not completed its discovery and investigation in this matter and has not completed its trial preparation. Discovery is continuing. It is anticipated that further discovery, analysis and research will reveal additional facts, witnesses and documents and these responses are provided without prejudice to Union Pacific's right to use such facts, information, witnesses or documents discovered subsequent to this response.


EXHIBIT 10

**RESPONSE:** Objection. This request is vague, ambiguous, overly broad, unduly burdensome and seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence including, but not limited to, because it is not limited to the relevant time period and/or the relevant work location(s) or job site(s). Union Pacific also objects that this request seeks documents protected by the attorney-client privilege and/or the work product doctrine. Union Pacific further objects that this request seeks documents concerning third parties which invades such third parties' right to privacy.

**REQUEST FOR PRODUCTION NO. 106:**
For the time period from 1970 to the present, a list of all claims made against you under the FELA by current or former employees alleging injuries resulting from occupational exposure to asbestos while employed by you.

**RESPONSE:** Objection. This request is vague, ambiguous, overly broad, unduly burdensome and seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence including, but not limited to, because it is not limited to Plaintiffs' craft(s), the relevant time period, the relevant work location(s) or job site(s), the predecessor(s) for whom Plaintiffs worked nor is it limited to Plaintiffs' alleged injuries. Union Pacific also objects that this request seeks documents protected by the attorney-client privilege and/or the work product doctrine. Union Pacific further objects that this request seeks documents concerning third parties which invades such third parties' right to privacy and the disclosure of which may violate HIPAA.

**REQUEST FOR PRODUCTION NO. 107:**
For the time period from 1970 to the present, all documents or items previously produced by you in any other suit involving a claim under the FELA by one of your employees (of if deceased their representatives) for injury or illness allegedly resulting from occupational exposure to asbestos while employed by you.

**RESPONSE:** Objection. This request is vague, ambiguous, overly broad, unduly burdensome and seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence including, but not limited to, because it is not limited to Plaintiffs' craft(s), the relevant time period, the relevant work location(s) or job site(s), the predecessor(s) for whom Plaintiffs worked nor is it limited to Plaintiffs' alleged injuries. Union Pacific also objects that this request seeks documents concerning third parties which invades such third parties' right to privacy and the disclosure of which may violate HIPAA.

**REQUEST FOR PRODUCTION NO. 108:**
For the time period from 1970 to the present, all depositions of your current or former employees taken in any other suit against you involving a claim under the FELA by one of your employees (of if deceased their representatives) for injury or illness allegedly resulting from occupational exposure to asbestos while employed by you.

**RESPONSE:** Objection. This request is vague, ambiguous, overly broad, unduly burdensome and seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence including, but not limited to, because it is not limited to Plaintiffs' craft(s), the relevant time period, the relevant work location(s) or job site(s), the predecessor(s) for whom Plaintiffs worked nor is it limited to Plaintiffs' alleged injuries. Union

disclosure of which may violate HIPAA. In addition, this request seeks documents which are equally available to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 129:**
All documents produced by any party in *Bielamowicz, v. The Southern Pacific Transportation Co.*, Cause No. 86-57934, 333rd Judicial District Court, Harris County, Texas.

**RESPONSE:** Objection. This request is vague, ambiguous, overly broad, unduly burdensome and seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence including, but not limited to, because it is not limited to Plaintiffs' craft(s), the relevant time period, the relevant work location(s) or job site(s), the predecessor(s) for whom Plaintiffs worked nor is it limited to Plaintiffs' alleged injuries. Union Pacific also objects that this request seeks documents concerning third parties which invades such third parties' right to privacy and the disclosure of which may violate HIPAA.

**REQUEST FOR PRODUCTION NO. 130:**
Your answers to interrogatories, including supplements and/or amendments, *Saunders v. Union Pacific Railroad Company*, Cause No. 2011-21768, Texas Asbestos MDL Court, Harris County, Texas.

**RESPONSE:** Objection. This request is vague, ambiguous, overly broad, unduly burdensome and seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence including, but not limited to, because it is not limited to Plaintiffs' craft(s), the relevant time period, the relevant work location(s) or job site(s), the predecessor(s) for whom Plaintiffs worked nor is it limited to Plaintiffs' alleged injuries. Union Pacific also objects that this request seeks documents concerning third parties which invades such third parties' right to privacy and the disclosure of which may violate HIPAA. In addition, this request seeks documents which are equally available to Plaintiffs.

Respectfully submitted,

FORMAN PERRY WATKINS
KRUTZ & TARDY LLP

By: _____
ROGER H. NEBEL
State Bar No. 90001973
Federal Bar No. 32458
4900 Woodway, Suite 940
Houston, Texas 77056
Telephone: (713) 402-1717
Facsimile: (713) 621-6746

Tracy J. Cowan
HAWKINS PARNELL THACKSTON &
YOUNG, LLP
10 S. Broadway, Suite 1300
St. Louis, MO 63102
Telephone: (314) 678-8600
Facsimile: (314) 678-8686

**ATTORNEYS FOR DEFENDANT
UNION PACIFIC RAILROAD COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that **Defendant Union Pacific Railroad Company's Objections and Responses to Plaintiffs' First Request for Production** were served on counsel for Plaintiffs', J. Kirkland Sammons, Sammons & Berry, 4606 F.M. 1960 West, Suite 600, Houston, TX 77069 by certified U.S. mail, return receipt requested on March 15, 2012.

ROGER H. NEBEL